748 S.E.2d 791

## In the Matter of Joenathan Shelly CHAPLIN, Respondent.

Appellate Case No.2013–001719.

### No. 27318.

Supreme Court of South Carolina.

Submitted Aug. 27, 2013.

Decided Sept. 25, 2013.

Lesley M. Coggiola, Disciplinary Counsel, and Julie M. Thames, Assistant Disciplinary Counsel, of Columbia, for Office of Disciplinary Counsel.

Harvey MacLure Watson, III, of Ballard Watson Weissenstein of West Columbia, for respondent.

PER CURIAM.

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court Rules (SCACR). In the Agreement, respondent admits misconduct and consents to the imposition of an admonition or public reprimand. In addition, respondent agrees to pay the costs incurred by ODC and the Commission on Lawyer Conduct (the Commission) in the investigation and prosecution of this matter within thirty (30) days of the imposition of a sanction and to complete the Legal Ethics and Practice Program within nine (9) months of the imposition of a sanction. We accept the Agreement, issue a public reprimand, and order respondent to pay the costs incurred by ODC and the Commission within thirty (30) days of the date of this order. The facts, as set forth in the Agreement, are as follows.

## *Facts*

In 1996, John Doe was convicted of murder. After a post-conviction relief hearing, John Doe was granted a new trial based on ineffective assistance of counsel. In lieu of a second trial, the victim's family agreed to the imposition of a twenty (20) year sentence and John Doe entered a guilty plea to voluntary manslaughter.[1]

In 2005, John Doe's mother (Complainant) retained respondent to negotiate a reduction in her son's sentence. Respondent's fee was $10,000. After several years without success, Complainant filed this action with the Resolution of Fee Disputes Board (the Board).

On May 23, 2011, a panel hearing of the Board was conducted. The panel found respondent's fee was unreasonable and ordered respondent repay $7,000 to Complainant. The final decision was issued on June 23, 2011. On September 14, 2011, a Certificate of Non–Compliance was issued based on respondent's failure to comply with the final decision of the Board.

In November 2011, Complainant filed a complaint with ODC against respondent. Respondent failed to respond to ODC's

---

1. Respondent did not represent John Doe during any of these proceedings.

Notice of Investigation. He further failed to respond to ODC's *Treacy* letter. *See In the Matter of Treacy,* 277 S.C. 514, 290 S.E.2d 240 (1982).

On April 18, 2012, respondent was subpoenaed to appear for an interview pursuant to Rule 19, RLDE. Although respondent appeared and brought John Doe's client file to the interview, he did not provide a written response to the Notice of Investigation.

During the interview, respondent acknowledged he was required to refund $7,000 to Complainant. He indicated he would make payments to Complainant and would update ODC every thirty (30) days with progress reports on the payments.

On April 24, 2012, respondent provided a written response to the Notice of Investigation. In the written response, respondent again acknowledged he was required to refund $7,000 to Complainant; he indicated he intended to fulfill his obligation and he planned on making the payments in order to comply with the Board's ruling. Respondent stated he intended to begin making payments within thirty (30) days.

Respondent paid Complainant a total of $7,500 by making the following payments: $3,000 on September 14, 2012; $500 on January 7, 2013; $500 on February 1, 2013; $1,500 on March 21, 2013; and $2,000 on May 20, 2013.

### *Law*

Respondent admits that by his conduct he has violated the following provisions of the Rules of Professional Conduct, RPC, Rule 407, SCACR: Rule 1.3 (lawyer shall act with reasonable diligence and promptness in representing client); Rule 1.4 (lawyer shall keep client reasonably informed about status of matter); Rule 1.5 (lawyer shall not charge unreasonable fee); Rule 1.15 (lawyer shall safekeep client funds); 8.1(b) (lawyer shall not knowingly fail to respond to lawful demand for information from disciplinary authority); and Rule 8.4(e) (it is professional misconduct for lawyer to engage in conduct prejudicial to administration of justice).

Respondent also admits he has violated the following Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct); Rule 7(a)(3) (it shall be ground for discipline for lawyer to knowingly fail to respond to

lawful demand from disciplinary authority to include a request for a response under Rule 19); and Rule 7(a)(10) (it shall be ground for discipline for lawyer to willfully fail to comply with a final decision of the Resolution of Fee Disputes Board).

### Conclusion

We find respondent's misconduct warrants a public reprimand. Accordingly, we accept the Agreement and publicly reprimand respondent for his misconduct.[2] Within thirty (30) days of the date of this order, respondent shall pay the costs incurred by ODC and the Commission in the investigation and prosecution of this matter. We do not require respondent to attend the Legal Ethics and Practice Program.

**PUBLIC REPRIMAND.**

---

**2.** Respondent's prior disciplinary history includes a 2010 letter of caution with no finding of misconduct also citing Rule 1.5, RPC. *See* Rule 2(r), RLDE (fact that letter of caution has been issued shall not be considered in subsequent disciplinary proceeding against lawyer unless the caution or warning contained in letter of caution is relevant to the misconduct alleged in new proceedings).