# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of Joenathan Shelly Chaplin, Respondent.

Appellate Case No. 2016-001470

---

Opinion No. 27658
Submitted August 9, 2016 – Filed August 24, 2016

---

### DEFINITE SUSPENSION

---

Lesley M. Coggiola, Disciplinary Counsel, and Julie Martino, Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Harvey M. Watson, III, of Ballard & Watson, Attorneys at Law, of West Columbia, for Respondent.

---

**PER CURIAM:**   In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court Rules (SCACR).  In the Agreement, respondent admits misconduct and consents to a definite suspension of not less than nine months and no more than three years.[1] Respondent requests that the suspension be made retroactive to the date of interim

---

[1] Respondent has a disciplinary history that includes a letter of caution with no finding of misconduct, issued on June 21, 2010, which cites Rule 1.5(b), RPC, Rule 407, SCACR (requiring the scope of the representation and the basis or rate of the fee and expenses for which the client will be responsible to be communicated to the client before or within a reasonable time after commending representation), and a public reprimand on September 25, 2013.  The latter was issued as a result of respondent charging a client an unreasonable fee and thereafter failing to cooperate with the disciplinary investigation. *In re Chaplin*, 405 S.C. 605, 748 S.E.2d 791 (2013).

suspension,[2] but understands that if the Court declines to apply the sanction retroactively, the validity or enforceability of the agreement is not affected. ODC does not oppose the request. Respondent agrees to pay the costs incurred by ODC and the Commission on Lawyer Conduct in investigating and prosecuting this matter within thirty days of discipline being rendered. As a further condition of discipline, respondent agrees to complete the Legal Ethics and Practice Program Trust Account School and Law Office Management School within one year of reinstatement. Respondent understands that *prior* to reinstatement he must also complete the Legal Ethics and Practice Program Ethics School as required by Rule 33(f), RLDE. We accept the Agreement and suspend respondent from the practice of law in this state for one year, retroactive to the date of his interim suspension. The facts, as set forth in the Agreement, are as follows.

## Facts/Law

## Matter A

Respondent represented a client who was indicted by the U.S. Attorney's Office for trafficking. However, respondent was relieved as counsel for the client after the U.S. Attorney's Office informed the federal court that respondent was being investigated for money laundering in connection with payments made by the client and other criminal clients to respondent.

As part of the investigation, federal agents requested respondent provide records of payments made to him by criminal clients. Respondent provided the requested records; however, the records indicated he had received cash payments for legal fees from multiple clients in amounts greater than $10,000. When questioned by federal agents, respondent denied knowing that he was required by the Internal Revenue Service to file a Form 8300 when the aggregate amount received from a client exceeded $10,000 for one transaction, such as legal representation. He stated he thought the form was only required for single payments over $10,000. However, respondent did know about the reporting requirement and therefore, his assertion was untruthful.

Respondent was charged with violating 18 U.S.C. § 1001 by knowingly and willfully making "a materially false, fictitious, and fraudulent statement and representation

---

[2] Respondent was placed on interim suspension by order dated May 23, 2014. *In re Chaplin*, 408 S.C. 184, 758 S.E.2d 708 (2014).

in a matter within the jurisdiction of the Executive Branch of the Government of the United States; to wit: he told a Special Agent from the Department of the Treasury that he was not aware of the reporting requirements of Form 8300." Respondent pled guilty and was sentenced to three years' probation, with electronic monitoring for six months. On December 9, 2015, respondent's motion for early termination of parole was granted, and he has now fully satisfied all conditions of his criminal conviction.

Respondent admits that his conduct violates the following Rules of Professional Conduct, Rule 407, SCACR: Rule 4.1(b)(a lawyer shall not in the course of representing a client make a false statement of material fact to a third person); Rule 8.4(b)(it is misconduct to commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer); Rule 8.4(d)(it is misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit, or misrepresentation); and Rule 8.4(e)(it is misconduct for a lawyer to engage in conduct prejudicial to the administration of justice).

## Matter B

Respondent represented a client at various times for criminal charges. Two fee agreements between respondent and the client contained the following provision: "Client acknowledges and agrees that if balance of above agreement is not paid in full as agreed upon, the Law Office of [respondent] will collect by garnishment and/or a lien on any and all client's future tax refunds and/or wages." Respondent admits he does not have the legal authority to garnish wages or tax returns in South Carolina. Another fee agreement between the two referenced payment for representation by a third party, but only referenced the identity of the payor and amount paid, without reference to the scope of representation provided in exchange for the payment.

Respondent admits his conduct violates the following Rules of Professional Conduct, Rule 407, SCACR: Rule 1.5(b)(the scope of representation shall be communicated to the client before or within a reasonable time after commencing representation); Rule 1.8(f)(a lawyer shall not accept compensation for representing a client from one other than the client unless the client gives informed consent, there is no interference with the lawyer's independence of professional judgment or with the client-lawyer relationship, and information relating to representation of a client is protected); and Rule 8.4(d), *supra*.

## Matter C

Respondent agreed to represent a client in a criminal matter but failed to execute the written fee agreement until nearly two years after agreeing to represent the client and beginning work on the case. The fee agreement failed to clearly communicate the basis and rate of fee to be charged for the representation. The agreement also contained the wage garnishment provision referenced above.

Respondent admits that his conduct violated Rules 1.5(b) and 8.4(d), RPC, *supra*. Respondent further admits his conduct in the above matters constitutes grounds for discipline under Rules 7(a)(1), (a)(4), (a)(5) and (a)(6), RLDE.

## Conclusion

We hereby suspend respondent from the practice of law in this state for one year, retroactive to the date of his interim suspension. Respondent shall complete the Legal Ethics and Practice Program Ethics School *prior* to reinstatement and complete the Trust Account School and Law Office Management School within one year after reinstatement. Respondent shall, within thirty days of the date of this opinion, pay the costs incurred by ODC and the Commission on Lawyer Conduct in investigating and prosecuting this matter.

Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30 of Rule 413, SCACR.

**DEFINITE SUSPENSION.**

**PLEICONES, C.J., BEATTY, KITTREDGE, HEARN and FEW, JJ., concur.**